UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CARROLS CORPORATION,**

    **Plaintiff,**

v.

**CAIN RESTAURANT CO.,**

    **Defendant.**
    _____/

Case No.    07-10947

HONORABLE DENISE PAGE HOOD

## MEMORANDUM OPINION AND ORDER

**I.    INTRODUCTION**

This matter is before the Court on Defendant's Motion to Transfer Venue to the United States District Court for the Western District of Michigan, filed on April 13, 2007. On April 30, 2007, Plaintiff filed its Response in Opposition to Defendant's Motion to Transfer Venue to the United States District Court for the Western District of Michigan.

**II.    STATEMENT OF FACTS**

On March 5, 2007, Plaintiff, Carrols Corporation (Carrols), filed the instant matter against Defendant, Cain Restaurant Company (Cain), alleging that Defendant breached nine lease agreements that the parties entered into in 1992. (Pl.'s Compl., ¶¶ 39-59) Additionally, Plaintiff requested specific performance of one of the lease agreements. (Pl.'s Compl., ¶ 30) Plaintiff alleges that it exercised its option under this agreement to purchase the property located 1023 North West Avenue, Jackson, Michigan (1023 Property). Plaintiff requests that the Court order Defendant to

1

participate in the specific performance of the lease, and complete the closing and delivery of a usual and customary deed of conveyance for the 1023 Property. (*Id.*) Lastly, Plaintiff requests a declaration from this Court that the appraisal and purchase process of the other eight properties may proceed as Plaintiff has likewise exercised its option to purchase these properties. (Pl.'s Compl., ¶¶ 34-36).

In 1992 Plaintiff and Defendant entered into nine agreements in which Defendant, as landlord, leased nine operating Burger King restaurant properties to Plaintiff, as tenant. (Pl.'s Compl., ¶ 7, Pl.'s Opp. to Def.'s Mot. to Transfer Venue, Ex. C) All of the properties are located in Michigan, two are located in Jackson, three are located in Kalamazoo, one is located in Portage, and three are located in Battle Creek. (Pl.'s Compl., ¶¶ 8-9) Paragraph twenty-six (26) of each of the lease agreements grants Plaintiff the option to purchase the property from Defendant by giving written notice of its exercise of the option at any time after the tenth (10th) anniversary of the lease commencement date. (Pl.'s Compl., ¶ 10)

In 2004, after Plaintiff exercised its option to purchase the 1023 property, Defendant Cain filed an action in this Court against Plaintiff Carrols, case number 04-cv-74239, requesting a declaration that the term "Premises" within the lease agreement included the land and the building located on the land, requiring the appraiser to add the value of the building in the valuation appraisal. (Pl.'s Compl., ¶ 12) In 2006, this Court ruled upon the parties cross-motions for summary judgment. (Pl.'s Compl., ¶ 13) This Court ruled in favor of Carrols, denied Cain's requested relief, and dismissed the Complaint. Specifically, the Court held that the term "Premises" included the "Building," as such the valuation of the 1023 Property may not include the value of the building located on the property. (See case number 04-cv-74239, March 27, 2006 Or. Regarding

Report and Recommendation, p. 6)

After this Court's March 27, 2006 Order, Plaintiff requested that Defendant proceed with the appraisal process on the 1023 Property. (Pl.'s Compl., ¶ 16) According to Plaintiff, while Defendant agreed to the selection of a neutral appraiser, Defendant objected to the appraisal process going forward. (Pl.'s Compl., ¶ 18) After warning Defendant that Plaintiff would proceed with the appraisal process with another appraiser that it had selected, Defendant did not withdraw its objection to the neutral appraiser. (Pl.'s Compl., ¶¶ 18, 19)

Plaintiff asserts that contrary to this Court's March 27, 2006 Order and Paragraph 26 of the lease agreement, Defendant was obligated to continue the appraisal process, which it has failed to do. (Pl.'s Compl., ¶ 25, 29) As Defendant has failed to proceed with the appraisal process, Plaintiff had its appraiser determine the fair market value of the property according to this Court's Order, and the lease agreement, that is, the appraiser determined the value of the 1023 Property based upon the value of the land and excluded the value of the building. Pl.'s Compl., ¶ 24, 27)

Plaintiff asserts that due to Defendant's failure to participate in the appraisal process and deliver the deeds for the nine properties at issue, Plaintiff continues to suffer harm as it is forced to pay rent on property it should own. Plaintiff requests an order from this Court requiring Defendant to complete the closing and delivery of the deed for the 1023 Property, a declaration that this Court's March 27, 2006 Order applies to the remaining eight leases, which according to Plaintiff contain identical terms to the lease agreement regarding the 1023 Property, and lastly order Defendant to participate in the appraisal process and deliver the deeds for these properties.

## III. APPLICABLE LAW & ANALYSIS

### A. Defendants' Motion to Transfer Venue

28 U.S.C. § 1404(a) provides, in relevant part:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Under this rule, district courts have broad discretion to transfer a case to any judicial district where it may been brought originally. *Amphion, Inc. v. Buckeye Electric Co.*, 285 F. Supp. 2d 943, 947 (E.D. Mich. 2003). 28 U.S.C. § 1391(b) defines proper venue as follows:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

To determine whether to transfer a case, district courts should "weigh in the balance a number of case-specific factors." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988). Specifically, the court should consider:

(1) the convenience of the parties; (2) the convenience of the witnesses; (3) the location of relevant documents and relative ease of access to sources of proof; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Overland, Inc. v. Taylor,* 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000)(citations omitted). Courts may additionally consider "any factor that may make any eventual trial 'easy, expeditious, and inexpensive.'" *Int'l Car Show Assoc. v. ASCAP*, 806 F. Supp. 1308, 1310 (E.D. Mich. 1992)(quoting

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)).

In all cases venue must be proper in the transferor and the transferee court under 28 U.S.C. § 1391. Furthermore, the Supreme Court has stated that "there is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum . . . ." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). Additionally, the Sixth Circuit has noted that "unless the balance is strongly in favor of the defendant the plaintiff's choice of forum should rarely be disturbed." *Nicol v. Koscinski*, 188 F.2d 537, 537 (6th Cir. 1951)(citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839, 91 L. Ed. 1055). Further, at least one court in our circuit has stated that "[i]nconvenience to parties and witnesses is not sufficient in itself to justify, much less require, a transfer. *Holiday Rambler Corp. v. American Motors Corp.*, 254 F. Supp. 137, 139 (W.D. Mich. 1966). Defendant "bears the burden of demonstrating that fairness and practicality strongly favor the forum to which transfer is sought." *Audi AG v. D'Amato*, 341 F. Supp. 2d 734, 749 (2004)(internal quotations omitted).

Defendant argues that consideration of the above factors justifies transfer of this matter to the United States District Court for the Western District. Plaintiff counters that the previous lawsuit between the parties is intimately related to the action before this Court. Additionally, Plaintiff argues that Defendant has failed to satisfy any of the requirements for a transfer, as such this Court should retain jurisdiction and deny Defendant's Motion.

### 1) **Convenience of the Parties and Witnesses**

When evaluating the convenience of the witnesses, the raw number of witnesses living in a particular jurisdiction is of less importance than the residence of the key witnesses. *See Audi AG*, 341 F. Supp. 2d at 750. Generally, the moving party must identify each witness by name and his or her anticipated testimony. *Id.*

In support of this requirement, Defendant relies upon the Witness Lists filed in the previous lawsuit, instead of indicating to the Court each witness it intends to call at trial and his or her anticipated testimony. Defendant asserts that both parties submitted Witness Lists for the previous lawsuit and out of the twenty-four combined witnesses, seven reside within the Western District of Michigan, and none reside within the Eastern District of Michigan. Defendant further argues that each of the lease agreements requires that the designated appraiser have "not less than ten (10) years of experience in appraising commercial properties within the Western Michigan area." (Def.'s Mot. to Transfer Venue, Ex. 5 ¶ 26(C)(ii)). Additionally, seven of the properties at issue in this matter are located in the Western District of Michigan.

Plaintiff counters that Defendant misleads this Court by relying upon the submitted Witness Lists from the previous litigation. While Defendant named eighteen witnesses in the previous matter, it only used five witnesses, none of whom reside within the Western District of Michigan. Further, Plaintiff points out that those witnesses involved in the drafting, negotiation or execution of the leases at issue in this matter have already been deposed. Plaintiff argues that Defendant has not met its burden in establishing that convenience of the witnesses favors transfer to the Western District of Michigan because Defendant 1) fails to identify its key witnesses and specify each witness' significance to the present matter, 2) fails to describe how the witnesses who were previously deposed will be economically or otherwise inconvenienced by being deposed again, 3)

Defendant's President, Gary Cain, and David Conner, Plaintiff's President, do not reside in Michigan, and Defendant's assertion that Mr. Cain resides in the Western District is misguided as Mr. Cain considers Florida to be his principal place of residence[1] and, in any event, South Haven, Michigan, where Defendant asserts Mr. Cain resides, is merely one hundred and eighty (180) miles away from the locale of this courthouse, a distance considered to be insignificant for determining the appropriateness of transferring venue due to convenience considerations. *See Amphion, Inc. v. Buckeye Electric Co.,* 285 F. Supp. 2d 943, 947 (E.D. Mich. 2003). The Court agrees and finds that these factors do not favor transfer to the Western District of Michigan.

**2) Access to Source of Proof**

"A fundamental principle guiding the Court's analysis is that litigation should proceed in that place where the case finds its *center of gravity*." *Audi AG*, 341 F. Supp. 2d at 751(emphasis added). Additionally, the location of physical evidence such as "a crashed plane ought to be given more weight" whereas "the location of documentary evidence is a minor consideration." *Id*.

The Court finds that this factor does not support a transfer to the Western District of Michigan. Defendant asserts that all of its business records are located within the Western District of Michigan, and that the valuation of the subject properties will require business and public records located within the Western District. The Court does not find this argument persuasive. According to Plaintiff, the relevant business records have already been exchanged due to the previous lawsuit, and even if this were not the case, the location of documentary evidence is not of controlling consideration. *Id.*

---

[1] Mr. Cain asserts that he splits his time between the two residences. (Def.'s Mot. to Transfer Venue, Ex. 1) However, Mr. Cain testified at his deposition that he considers Florida to be his principal place of residence. (Pl.'s Opp. to Def.'s Mot. to Transfer Venue, Ex. B)

### 3) Locus of Operative Facts

Defendant relies upon the fact that seven of the properties at issue in this matter are located in the Western District of Michigan, and under the terms of the lease agreements, the appraiser performing valuation upon said properties is to possess at least ten years of experience in the Western District. Additionally, Defendant argues that under the agreements, the appraiser must utilize the "comparable sales" method, which requires analysis of factors relevant to the Western District of Michigan. Plaintiff counters that the central issue in the present matter is interpretation of the lease agreements, not whether or not an appraisal should be conduced, or who should conduct the appraisal. The Court agrees with Plaintiff, the locus of operative facts factor does not require that this matter be transferred to the Western District of Michigan.

### 4) The Means of the Parties

Defendant asserts that the relative means of the parties justifies transfer to the Western District of Michigan as Plaintiff is one of the largest Burger King franchisees in the world and Mr. Cain, Defendant's sole principal, is essentially retired and his sole source of income is generated by Plaintiff's rental payments on the subject leases. Plaintiff counters that Mr. Cain is a wealthy man, who chose to retire in Florida and Plaintiff has paid Defendant approximately $9,800,696.50 in base rent, and approximately $619,139 in percentage rent from January 1999 through December 2006 alone. Lastly, Plaintiff argues that nowhere in Mr. Cain's affidavit, included in support of Defendant's Motion to Transfer Venue, does he claim that trying this case would be economically burdensome upon him. The Court finds that this factor is neutral for both parties.

### 5) Trial Efficiency and the Interests of Justice

Defendant asserts that because each of the properties at issue in this matter are unique, a potential dispute may arise as to what constitutes comparable sales, and in the event that a jury viewing of the subject properties becomes necessary, trial in the Western District would clearly be more convenient. Plaintiff counters that Defendant's arguments are unfounded. First, there would be no instance where a jury viewing would be required. This matter does not involve an issue with the appraisal process, as such neither this Court, nor a jury would be required to view the properties at issue. Plaintiff further asserts that since the leases in this matter are nearly identical to the lease agreement regarding the 1023 Property, it would be more efficient for this Court to hear this matter as this case has been assigned to the same Judge and Magistrate Judge as the previous lawsuit. In the Court's March 27, 2006 Order, this Court ruled upon claims that will be before this Court in the present matter. The Court agrees that retaining this matter will be easy and expeditious due to the fact that this Court is familiar with the parties' claims. Trial efficiency and the interests of justice do not favor transfer to the Western District under the circumstances.

The parties either assert that the remaining factors are not relevant to this analysis or do not argue for considering them. The Court finds that based upon the above, Defendant has failed to demonstrate that transfer of this matter is warranted.

**IV.     CONCLUSION**

Accordingly,

IT IS ORDERED that Defendant's Motion to Transfer Venue to the Western District of Michigan **[Docket No. 9 , filed April 13, 2007]** is DENIED**.**


IT IS FURTHER ORDERED that the parties attend a Status Conference on October 22, 2007

at 4:00 p.m.

                                                    /s/ Denise Page Hood
                                                    DENISE PAGE HOOD
DATED: September 24, 2007                United States District Judge

       I hereby certify that a copy of the foregoing document was served upon counsel of record on September 24, 2007, by electronic and/or ordinary mail.

                                                    S/William F. Lewis
                                                    Case Manager